VAN BRUNT, P. J.
—This action was brought to recover $6,000, a balance due upon a" written agreement. The defendant admitted the agreement, but denied that there was anything due thereunder. Upon the trial, the agreement was offered in evidence and the court held that it was ambiguous, and needed explanation. Evidence was offered on both sides, and the case submitted to the jury, who found a verdict for the plaintiff; and from the judgment thereupon entered, and from the order denying motion for a new trial, this appeal is taken.
The agreement upon which the action was brought is as follows :
“July 7, 1892, New York.
“This agreement, between Albert Wagner and Mary E. Schoen, that said Wagner is to pay Mary M. Schoen (12,000) twelve thousand dollars for her claim in the two buildings now being erected by the 3rd Ave. R. R. Co., Bowery, Bayard. St., and also 65th St. and 3rd Ave.; the first payment of (6,000) six thousand to be paid during the first part of the building now contemplated, and the remaining 6,000 to be paid during the completion of said building, as per plans filed in the building department as now contemplated by the 3rd Ave. R. R. Co. If any plans are changed then my claim shall be paid in the same ratio as mentioned. Referring to the first payments, payments are to be made as follows: $1,000 during the month of July, 1892; $2,000 during the month of September, 1892; $2,000 during the month of Novern *537 ber; and $1,000 during the month of January, 1893. The second payment to be arranged hereafter to suit the convenience of the contracting parties. Albert Wagner.
“Mary E. Sehoen.”
This instrument seems to us to be reasonably clear in its terms, and to require no explanation as to what the parties meant by their contract, when the agreement is supplemented by the plans, which at the time the same was entered into were on file in the building department, and are referred to in the agreement. Upon an examination of those plans, as offered upon the trial, it appears clearly what the parties intended, viz. that the defendant should pay to the plaintiff $6,000 during the progress of the work upon the first part of the building; the intention upon the part of the railroad company, the builder, being only partially to complete the building then, and at some subsequent time to erect the remainder of the building, as shown upon the plans on file in the building department. The second payment of $6,000 was to be made during the completion of the building, as by the plans filed. The dates of the first payment were fixed by the contract, and the dates of the second payment were to be arranged thereafter to suit the convenience of the contracting parties. At the time of the commencement of this action, the first part of the building only had been completed, and the payments called for during the erection of the first part of the building had been made. There was nothing due to the plaintiff in respect to the second half of the building, because that work had not been begun. The building according to the plans was to be a nine-story building at the comer of Bowery and Bayard streets, and a new building between Sixty-Fifth and Sixty-Sixth streets, extending from Second to Third avenues. At the time of entering into this agreement, it was contemplated to erect part of the Sixty-Fifth street building, and the basement and first story of the building at the corner of Bowery and Bayard streets; and it was this condition of the contemplation that led to the separation of the items of the agreement,—the first $6,000 to be paid upon the first part contemplated to be built, and the second $6,000 during the doing of the work of the second part, which it was evidently understood between the parties would be deferred for some time, so that they could not fix the dates for the payment as they had done in respect to the first portion of the work. There was evidently no question to go to the jury, because there was no disputed question of fact; and the agreement between the parties, with the plans, made out an intelligible contract, a breach-of which the plaintiff has failed to show.
The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.
All concur.